# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:23-cv-00334-MR

| | |
|---|---|
| TEVIN FRIDAY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU MCFALLS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 7].

## I.  BACKGROUND

Pro se Plaintiff Tevin Friday ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution ("Marion CI") in Marion, North Carolina. On November 15, 2023, he filed this action pursuant to 42 U.S.C. § 1983, naming FNU McFalls, identified as a Sergeant at Marion CI, as the sole Defendant.[1] [Doc. 1]. Plaintiff alleges as

---

[1] Plaintiff also ambiguously lists Marion CI as a Defendant in the body of the Complaint. [See Doc. 1 at 2]. To the extent Plaintiff seeks to sue Marion CI under § 1983, he cannot.

follows. On September 7, 2023, while Plaintiff was "walking back in from the recreation yard," he "was attacked from behind by another inmate," Gerry Morton. The attack occurred directly in front of Defendant McFalls, who did not stop the attack, "arrest the offender," or report the incident. [Id. at 7]. After asking, "What was that for?" Defendant allowed Morton to return to the same unit where Plaintiff was housed. The next day at 10 a.m., as Plaintiff was grabbing his lunch tray, Morton attacked Plaintiff again, resulting in Plaintiff and Morton being placed in segregation. Plaintiff asserts that, "[i]f [Defendant] McFalls had reported the FIRST attack on 9-7-23, then the Second attack could have been prevented. By not reporting the first attack, Sargent [*sic*] knew, and kept [Plaintiff] in risk of being harmed again." [Id.]. Plaintiff eventually "had" to be placed in protective custody. Plaintiff wrote a grievance regarding the incident, and, in response, Defendant McFalls claimed that he did not report the incident because he thought Morton was "trying to wipe a bug off of [Plaintiff's] arm." [Id. at 7-8].

Plaintiff claims that Defendant McFalls violated his rights under the Eighth Amendment through deliberate indifference and his failure to protect Plaintiff from violence by another inmate. [Id. at 3]. For injuries, Plaintiff

---

A jail is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989).

claims he suffered a "swollen face" and "traumatization" for which Plaintiff saw a psychiatrist. [Id.]. Plaintiff seeks $25,000 in damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of

and disregard an objectively serious … risk of harm." Id.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a claim under the Eighth Amendment based on the failure to protect. That is, while Plaintiff alleges that Defendant did not stop the first attack, Plaintiff fails to allege whether the assault lasted long enough or was of such a nature to have allowed intervention by Defendant. Moreover, Plaintiff fails to allege any serious physical or emotional injury from that attack or that he even sought or received medical treatment as a result, which also suggests the "attack" was not serious or protracted. Plaintiff also fails to allege facts sufficient to make out a failure to protect claim relative to the second assault. While Plaintiff's allegations suggest that Defendant may have been negligent in allowing Morton to return to Plaintiff's unit, they do not support that Defendant knew of and disregarded "an objectively serious … risk of harm." De'Lonta, 330 F.3d at 634. Although Defendant's inaction may have been the "but-for" cause of Morton's second assault on Plaintiff, this is insufficient to state a claim for deliberate indifference under the Eighth Amendment. Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice.

The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If

Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: December 20, 2023

Martin Reidinger
Chief United States District Judge